Coe *v.* N. J. Midland R. R. Co.      North Hudson R. R. Co. *v.* Booraem.

GEORGE T. COE and others, appellants,

and.

THE NEW JERSEY MIDLAND RAILWAY COMPANY, respondents..

On appeal from a decree of the chancellor, reported *supra* p. 100.

*Mr. J. G. Shipman,* for appellants.

*Mr. B. Williamson,* for respondents.

THE CHIEF JUSTICE.

The construction which the chancellor has put upon the contract involved in this controversy, appears to me to be plainly correct, and I agree likewise in the view expressed by him in his opinion as to the legal status of these parties in all other respects.

I shall, therefore, vote to affirm this decree.

Decree unanimously affirmed.

---

THE NORTH HUDSON RAILROAD COMPANY, appellants,

and

HENRY A. BOORAEM, respondent.

Where a part of mortgaged premises is conveyed by the mortgagor, for a valuable consideration, to a railroad company for its track, and, pending foreclosure of the mortgage, the company condemns the land so conveyed, under a power contained in its charter, by a proceeding to which the mortgagee is made a party, the obligation of the company to pay any part of the award in satisfaction of the mortgage being contingent upon the residue of the mortgaged premises being inadequate to satisfy the mortgage, interest should not be computed on the award. The company is not in default in payment until the contingency happens, and the amount it is bound to pay is ascertained by a sale of the residue of the mortgaged premises primarily liable.

The opinion of the chancellor in this cause may be found in *Booraem* v. *Wood*, 12 *C. E. Gr.* 372, and the opinion of *Depue, J.*, in the court of appeals, in *North Hudson County R. R. Co.* v. *Booraem*, *supra p.* 450.

On motion to settle the terms of the decree.

*Mr. B. Williamson*, for Booraem.

*Mr. R. Gilchrist*, contra.

The opinion of the court was delivered by

DEPUE, J.

By the decision of this court, the award of the commissioners appointed, pending this suit, to make the condemnation of so much of the mortgaged premises as was occupied by the railroad company for its track, was held as against the mortgagee, who was a party to the condemnation proceedings, to be substituted in the place of that part of the mortgaged premises which was conveyed to the company for the purposes aforesaid, by Wood, the mortgagor. *N. H. R. R. Co.* v. *Booraem*, *supra*, 450.

Booraem, the mortgagee, now applies for the allowance of interest on the sum awarded from the date of the condemnation, and asks to have the decree submitted by the company, amended accordingly.

In the absence of an express agreement to pay interest, or a positive rule of law that interest shall be computed as part of the damages, the allowance of interest is discretionary, and depends upon the circumstances of the case. The general rule is that interest is not allowed on a debt, until the debtor is in default.

The company has been in possession of the premises condemned since the award was made, and it will be assumed that the sum awarded has not been tendered or set apart to meet the obligations of the company to the mortgagee.

But the company entered into possession under a conveyance by Wood, the mortgagor, for an adequate consideration. So far as he is concerned, the company is not liable for the payment of any portion of the mortgage debt. Its liability is solely to the mortgagee and is contingent upon the residue of the mortgaged premises primarily liable being inadequate to pay the mortgage debt. The liability of the company is not only in itself dependent upon a contingency, but, until the happening of that contingency, the amount of its contribution is also unliquidated. It will not be in default until the contingency happens, and the sum it is bound to pay is ascertained. This cannot be done until sale is made of the residue of the mortgaged premises. A tender or readiness to pay before the sum payable is ascertained would be superfluous. Interest, therefore, cannot be allowed on the ground of any default of the company heretofore incurred.

Interest should not be computed on the award.

The direction that the residue of the mortgaged premises primarily liable should be first sold, and that the company, in the event of a deficiency, make payment of the sum required to pay such deficiency, at a day to be fixed by the chancellor, is necessary to carry into effect the decision of this court.

The draft of a decree submitted by the appellant is approved.